**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MELISSA J. JONES<br>5717 Warrick Drive, Down<br>Parma, Ohio 44129<br><br>       *Plaintiff*,<br><br>-vs-<br><br>SHERWOOD FOOD DISTRIBUTORS, LLC<br>c/o CT Corporation System,<br>Statutory Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>       *Defendant*. | Case No.: _____<br><br>Judge _____<br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

Now comes Plaintiff Melissa J. Jones ("Ms. Jones"), by and through counsel, and for her Complaint states the following:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked under federal question jurisdiction provided under 28 U.S.C. §1331, in that Plaintiff's Complaint asserts violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §2611, *et seq*., ("FMLA"); Titles I and V of the Americans with Disabilities Act of 1990, as amended ("ADAAA"); and Title VII of the Civil Rights Act of 1964, as amended. This Court also has supplemental jurisdiction over Plaintiff's state law statutory claims under 28 U.S.C. §1367.

2. Venue is proper in this Court under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claims alleged occurred in the Northern District of Ohio.

3. For her federal claims under the ADAAA and Title VII, Ms. Jones has exhausted all available administrative remedies prior to bringing suit. Pursuant to the claims set forth herein, Ms. Jones received notice of a Right to Sue from the U.S. Equal Employment Opportunity Commission ("EEOC") on March 16, 2022, attached as Exhibit A.

4. Certain provisions of Ohio Revised Code, Chapter 4112, were amended, effective April 15, 2021. The factual allegations and the causes of action set forth in this Complaint arose and accrued prior to the April 15, 2021 effective date. In any case, on September 10, 2021, Ms. Jones timely filed a charge of discrimination and retaliation with the EEOC with respect to her discrimination and retaliation claims. Such charge was dual filed with the Ohio Civil Rights Commission ("OCRC") pursuant to the Work-Sharing Agreement between the EEOC and OCRC.

**PARTIES**

5. At all times relevant, Plaintiff Melissa J. Jones resided in Cuyahoga County, Ohio and was employed by Defendant Sherwood Food Distributors, LLC ("Sherwood"), which operates a facility located at 16625 Granite Road, Maple Heights, Ohio 44137.

6. At all times relevant, Defendant Sherwood Food Distributors, LLC is a foreign limited liability company, formed in Michigan, and registered to do business in the State of Ohio. Sherwood is a food distribution company and is therefore engaged in interstate commerce. Sherwood has employed 50 or more employees for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year in relation to the events alleged below.

## FACTUAL ALLEGATIONS

7. Ms. Jones was employed by Sherwood from on or about January 7, 2019 until her wrongful termination on or about March 25, 2021. Prior to her termination and for the 12 months preceding her request for leave under the FMLA, Ms. Jones worked full-time at or over 1,250 hours, as a warehouse worker.

8. During her tenure at Sherwood, Ms. Jones had successfully performed her job duties and responsibilities.

9. On or about December 14, 2020, Ms. Jones's 13-year-old son, Ja'Mari Jones, was shot and killed in Cleveland. As a result, Ms. Jones requested time off of work to receive mental health treatment. Ms. Jones was ultimately diagnosed with Major Depressive Disorder and a psychotic disorder, which limits her major life activities, including but not limited to concentrating, thinking, sleeping, and working.

10. Since the death of her son, Ms. Jones has and continues to receive mental health treatment.

11. Ms. Jones applied for and was approved for leave under the FMLA, which began on or about December 15, 2020. She returned to work a little over 6 weeks later on January 31, 2021. Thereafter, Ms. Jones used FMLA intermittently throughout February and the beginning of March 2021.

12. Beginning on or about Monday, March 22, 2021, one of Ms. Jones's male supervisors required all female warehouse workers to pick food orders instead of checking food orders. Ms. Jones thought this was odd as she and the other female workers rarely picked orders, as Sherwood believed that the job was "too physical" for the females. In any case, Ms. Jones performed her picking duties as instructed.

3

13. The next day, on or about March 23rd, Ms. Jones was not doing well mentally but reported to work anyway. Again, the female workers were assigned to picking. Another male supervisor advised Ms. Jones that the females were being retaliated against because another female worker had complained of harassment by two male supervisors and that all females were being made to pick so it would not appear as if the complaining female was being targeted for her complaints.

14. Ms. Jones was off work per her usual schedule on or about Wednesday, March 24th. On or about Thursday, March 25th, Ms. Jones reported to work but did not clock in. She then found out that she and the other females were again assigned to picking. With the extra stressor of being retaliated against, in addition to her existing mental distress from the death of her son, Ms. Jones advised her supervisors that she would be taking intermittent FMLA leave for that day and complained that she and the other female workers were being discriminated and retaliated against.

15. Thereafter, Ms. Jones went outside to her car and sent a text to the Head Warehouse Supervisor providing that she needed to take an FMLA day owing to her mental health, that her and other females were being targeted by one of the supervisors, and that she would contact Human Resources. The Head Warehouse Supervisor then threatened Ms. Jones with termination.

16. Ms. Jones texted the HR Generalist and FMLA Administrator for Sherwood to advise of her need for FMLA leave for that day due to her mental disability and that she was threatened with termination. The Administrator, however, responded that she required a doctor's note despite Ms. Jones having previously taken intermittent FMLA leave without providing a doctor's note.

17. The next day, Ms. Jones called Sherwood's corporate office and talked with the Senior Executive Assistant to the CEO, to whom she complained that she was denied FMLA leave and that she and other female employees were being discriminated against and targeted. She advised Ms. Jones that the Administrator, the local HR Generalist, and the offending male supervisor would be contacted. Ms. Jones also contacted her doctor about providing a note for her to cover her FMLA day. Per her doctor's request, Ms. Jones asked the Administrator for a form to fill out, but the Administrator never responded. Ms. Jones, however, was able to obtain a doctor's note on March 29th, but was terminated before she could supply it.

18. Ms. Jones left two (2) voice messages for the local HR Generalist on or about March 28th and 29th, but these messages were not returned. On or about March 29th, after not receiving any responses, Ms. Jones emailed the Director of Human Resources about her FMLA leave and asked him to contact her, but the Director did not respond to her. Instead, the Administrator and local HR Generalist terminated Ms. Jones by telephone, with the termination effective as of March 25, 2021.

19. No one from Sherwood, including her supervisors or anyone from Human Resources, engaged in any interactive process with Ms. Jones regarding her accommodation request, *i.e.,* time off of work, to determine if her request was covered by the ADAAA.

## COUNTS I and II
## Violations of 29 U.S.C. §2611, *et seq.* – FMLA Interference and Retaliation

20. Ms. Jones reaffirms and realleges Paragraphs 1 through 19 of her Complaint as if fully rewritten herein.

21. At all times relevant to this Complaint, individuals acting on behalf of Defendant were agents and/or employees of Defendant. Defendant is liable for the unlawful acts of its agents and employees under the doctrine of *respondeat superior*.

22. Ms. Jones is an "eligible employee" as that term is defined by 29 U.S.C. §2611(2)(A).

23. Defendant meets the definition of an "employer" as that term is defined by 29 U.S.C. §2611(4).

24. Ms. Jones requested leave under the FMLA because she suffered from a "serious health condition", as that term is defined by 29 U.S.C. §2611(11), in that she has a mental health condition that involves continuing treatment by a health care provider.

25. Ms. Jones was entitled to leave pursuant to 29 U.S.C. §2612(a)(1).

26. Ms. Jones provided Defendant with notice of her need for leave pursuant to 29 U.S.C. §2612(e).

27. Defendant violated 29 U.S.C. §§2612 and 2615 when it interfered with the exercise of Ms. Jones's rights under the FMLA and retaliated against Ms. Jones for requesting FMLA leave by terminating her.

28. The conduct of Defendant was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Jones. Additionally, Defendant lacked good faith and reasonable grounds for its conduct.

29. As a direct and proximate result of Defendant's conduct, Ms. Jones has suffered and will continue to suffer economic injuries, including but not limited to the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

### COUNT III
### Violation of 42 U.S.C. §12101, *et seq.* — Disability/Perceived Disability Discrimination

30. Ms. Jones reaffirms and realleges Paragraphs 1 through 29 of her Complaint as if fully rewritten herein.

31. At all times relevant, Ms. Jones suffers from Major Depressive Disorder and a psychotic disorder, which substantially limit Ms. Jones in major life activities, including but not limited to, concentrating, thinking, sleeping, and working. Ms. Jones thus suffers from a disability and/or was regarded as suffering from a disability within the meaning of 42 U.S.C. §12102.

32. Ms. Jones was a qualified individual with a disability within the meaning of 42 U.S.C. §12111(8) and could perform the essential functions of her job with or without a reasonable accommodation.

33. Defendant is an "employer" within the meaning of 42 U.S.C. §12111(5).

34. Defendant knew Ms. Jones was disabled and/or regarded her as being disabled.

35. Defendant discriminated and/or retaliated against Ms. Jones, in violation of 42 U.S.C. §12112, because she was disabled and/or was regarded as being disabled and/or requested a reasonable accommodation, by failing to accommodate her disability, by terminating her employment, and/or otherwise discriminating and/or retaliating against her in the terms, privileges, and conditions of employment.

36. The conduct of Defendant was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Jones.

37. As a direct and proximate result of Defendant's conduct, Ms. Jones has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

## COUNT IV
## Violation of O.R.C. §4112.02(A) – Disability/Perceived Disability Discrimination

38. Ms. Jones reaffirms and realleges Paragraphs 1 through 37 of her Complaint as if fully rewritten herein.

39. Defendant is an "employer" within the meaning of §4112.01(A)(2) of the Ohio Revised Code, and Ms. Jones is an "employee" within the meaning of §4112.01(A)(3) of the Ohio Revised Code.

40. Ms. Jones suffers from Major Depressive Disorder and a psychotic disorder, which substantially limit Ms. Jones in major life activities, including but not limited to, concentrating, thinking, sleeping, and working. Ms. Jones is thus disabled, has a record of suffering from a substantially limiting impairment, and/or was regarded as being disabled by Defendant.

41. Defendant was aware of her disability and/or regarded Ms. Jones as being disabled.

42. Ms. Jones was qualified for her position and could perform the essential functions of her position with or without a reasonable accommodation.

43. Defendant, however, terminated Ms. Jones, at least in part, because of her disability and/or because Defendant perceived Ms. Jones as being disabled.

44. The conduct of Defendant was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Jones.

45. As a direct and proximate result of Defendant's conduct, Ms. Jones has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

## COUNT V
## Violation of 42 U.S.C. §12112 – Failure to Provide Reasonable Accommodation

46. Ms. Jones reaffirms and realleges Paragraphs 1 through 45 of her Complaint as if fully rewritten herein.

47. Ms. Jones suffers from a mental impairment that substantially limits one or more major life activities and/or has a record of suffering from a substantially limiting impairment, of which Defendant was aware.

48. Ms. Jones was qualified for her position and could perform the essential functions of her position with or without a reasonable accommodation.

49. Defendant, however, failed to engage in the interactive process with Ms. Jones to define and provide one or more reasonable accommodations for her and/or failed to grant her any reasonable accommodation, but instead terminated Ms. Jones.

50. The conduct of Defendant was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Jones.

51. As a direct and proximate result of Defendant's conduct, Ms. Jones has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation,

and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

## COUNT VI
### Violation of O.R.C. §4112.02(A) – Failure to Provide Reasonable Accommodation

52. Ms. Jones reaffirms and realleges Paragraphs 1 through 51 of her Complaint as if fully rewritten herein.

53. Ms. Jones suffers from a mental impairment that substantially limits one or more major life activities and/or has a record of suffering from a substantially limiting impairment, of which Defendant was aware.

54. Ms. Jones was qualified for her position and could perform the essential functions of her position with or without a reasonable accommodation.

55. Defendant, however, failed to engage in the interactive process with Ms. Jones to define and provide one or more reasonable accommodations for her and/or failed to grant her any reasonable accommodation, but instead terminated Ms. Jones.

56. The conduct of Defendant was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Jones.

57. As a direct and proximate result of Defendant's conduct, Ms. Jones has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

## COUNT VII
## Violation of 42 U.S.C. §2000e-2(a) — Gender Discrimination

58. Ms. Jones reaffirms and realleges Paragraphs 1 through 57 of her Complaint as if fully rewritten herein.

59. Ms. Jones is a female and thus a member of a protected class.

60. During her tenure with Defendant, Ms. Jones successfully performed the duties and responsibilities of her position and was qualified for the position she held.

61. Defendant is an "employer" within the meaning of 42 U.S.C. §2000e(b), and Ms. Jones is an "employee" as that term is defined in 42 U.S.C. §2000e(f).

62. Defendant, without cause, terminated Ms. Jones's employment and otherwise discriminated and/or retaliated against Ms. Jones on the basis of her gender with respect to the terms, conditions, and privileges of employment, in violation of 42 U.S.C. §2000e-2(a).

63. Defendant either replaced Ms. Jones with a person outside of her protected class, treated Ms. Jones differently than other similarly situated employees, and/or retained employees outside of Ms. Jones's protected class.

64. Defendant has engaged in a pattern and practice of discriminating against employees on the basis of gender, including Ms. Jones.

65. The conduct of Defendant was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Jones.

66. As a direct and proximate result of Defendant's conduct, Ms. Jones has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation,

and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

## COUNT VIII
## Violation of O.R.C. §4112.02(A) – Gender Discrimination

67. Ms. Jones reaffirms and realleges Paragraphs 1 through 66 of her Complaint as if fully rewritten herein.

68. Ms. Jones is a female and thus a member of a protected class.

69. During her tenure with Defendant, Ms. Jones successfully performed the duties and responsibilities of her position and was qualified for the position she held.

70. Defendant is an "employer" within the meaning of §4112.01(A)(2) of the Ohio Revised Code, and Ms. Jones is an "employee" within the meaning of §4112.01(A)(3) of the Ohio Revised Code.

71. Defendant, without cause, terminated Ms. Jones's employment and otherwise discriminated and/or retaliated against Ms. Jones on the basis of her gender with respect to the terms, conditions, and privileges of employment, in violation of O.R.C. §4112.02(A).

72. Defendant either replaced Ms. Jones with a person outside of her protected class, treated Ms. Jones differently than other similarly situated employees, and/or retained employees outside of Ms. Jones's protected class.

73. Defendant has engaged in a pattern and practice of discriminating against employees on the basis of gender, including Ms. Jones.

74. The conduct of Defendant was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Jones.

75. As a direct and proximate result of Defendant's conduct, Ms. Jones has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

## COUNT IX
### Violation of 42 U.S.C. §12203 – Retaliation

76. Ms. Jones reaffirms and realleges Paragraphs 1 through 75 of her Complaint as if fully rewritten herein.

77. During the time that Ms. Jones worked for Defendant, she was engaged in protected activity by requesting a reasonable accommodation.

78. Defendant knew that Ms. Jones was exercising protected rights.

79. Defendant thereafter took an adverse employment action against Ms. Jones by targeting and terminating her.

80. There is a causal connection between Ms. Jones's exercise of protected rights and Defendant's adverse employment action against her.

81. The conduct of Defendant was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Jones.

82. As a direct and proximate result of Defendant's conduct, Ms. Jones has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

## COUNT X
## Violation of 42 U.S.C. §2000e-3 – Retaliation

83. Ms. Jones reaffirms and realleges Paragraphs 1 through 82 of her Complaint as if fully rewritten herein.

84. During the time that Ms. Jones worked for Defendant, she was engaged in protected activity.

85. Defendant knew that Ms. Jones was exercising protected rights.

86. Defendant thereafter took adverse employment actions against Ms. Jones by targeting her and terminating her.

87. There is a causal connection between Ms. Jones's exercise of protected rights and Defendant's adverse employment actions against her.

88. The conduct of Defendant was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Jones.

89. As a direct and proximate result of Defendant's conduct, Ms. Jones has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

## COUNT XI
## Violation of O.R.C. §4112.02(I) – Retaliation

90. Ms. Jones reaffirms and realleges Paragraphs 1 through 89 of her Complaint as if fully rewritten herein.

91. Defendant retaliated against Ms. Jones after she engaged in protected activity when she requested reasonable accommodation for her disability and complained about gender discrimination and retaliation.

92. Defendant knew that Ms. Jones was exercising protected rights and thereafter took one or more adverse employment actions against her by terminating her and/or engaging in other such conduct which would dissuade a reasonable person from engaging in protected activity.

93. The conduct of Defendant was done willfully, maliciously, and/or intentionally, and with reckless disregard for the rights of Ms. Jones.

94. As a direct and proximate result of Defendant's conduct, Ms. Jones has suffered and will continue to suffer economic and non-economic injuries, including but not limited to pain and suffering, extreme stress and anxiety, embarrassment, humiliation, and the loss of salary, benefits, and other privileges and conditions of employment, for which Defendant is liable.

**WHEREFORE**, Plaintiff Melissa J. Jones respectfully requests that this Court award damages to Ms. Jones and against Defendant in excess of $25,000.00, including all statutory damages; compensatory damages, back pay, and front pay; punitive damages; attorney fees, expenses, and costs of court; pre- and post-judgment interest; and all other relief, whether in law or in equity, which will fully and fairly compensate Ms. Jones for her injuries and damages.

Respectfully submitted,


    */s/ Kami D. Brauer*
KAMI D. BRAUER (#0071030)
The Law Firm of Kami D. Brauer, LLC
700 West Saint Clair Avenue, Suite 316
Cleveland, Ohio 44113
(216) 236-8537 (Telephone)
(216) 621-7810 (Facsimile)
kamibrauer@kdbrauerlaw.com


*Counsel for Plaintiff*

16

## **JURY DEMAND**

A trial by jury is hereby demanded against Defendant on all issues that may be so tried.

        */s/ Kami D. Brauer*
KAMI D. BRAUER (#0071030)

*Counsel for Plaintiff*

EEOC Form 161-B (11/09)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ms. Melissa J. Jones<br>13712 West Avenue<br>Cleveland, OH 44111 | From: | Cleveland Field Office<br>1240 E 9th St, Suite 3001<br>Cleveland, Ohio ,44199 |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 532-2021-02582 | Legal Unit | 267-589-9707 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

- More than 180 days have passed since the filing of this Charge.

- The EEOC will continue to process and investigate the claims raised or considered in the referenced Charge. This Notice does not constitute a withdrawal of the referenced Charge.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

/s/ Karen McDonough                    3/16/22
**Karen McDonough,**                   *(Date Issued)*
**Acting Field Office Director**

cc:  **Kristen Olguin**
     **HR Director**
     **SHERWOOD FOOD DISTRIBUTION, LLC**
     **1000 Bay Marina Drive**
     **National City, CA 91950**

     **Kami D. Brauer, Esq.**
     **The Law Firm of Kami D. Brauer, LLC**
     **700 West St. Clair, Suite 316**
     **Cleveland, OH  44113**

# EXHIBIT A